Matter of Enekwe (2021 NY Slip Op 03105)





Matter of Enekwe


2021 NY Slip Op 03105


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

PM-54-21
[*1]In the Matter of Chinedu Oluwatobi Patrick Enekwe, a Suspended Attorney. (Attorney Registration No. 4736070.)

Calendar Date:May 3, 2021

Before:Garry, P.J., Egan Jr., Clark and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and currently lists a business address in Washington, DC. Following a 2017 misdemeanor assault conviction in the District of Columbia and his default in two District of Columbia civil matters — one of which arose from the same operative facts giving rise to his assault conviction — the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) determined that respondent had engaged in professional misconduct and that an admonition delivered by personal appearance before AGC's members was warranted. When respondent did not subsequently appear as directed, AGC moved for respondent's interim suspension, alleging his lack of compliance with a lawful directive in the course of a disciplinary proceeding (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). This Court granted the motion and suspended respondent from the practice of law indefinitely by a September 2020 order (see Matter of Enekwe, 186 AD3d 1875 [2020]).
Now, by letter motion dated April 12, 2021, AGC seeks to disbar respondent and strike his name from the roll of attorneys due to his failure to respond or appear for further investigatory or disciplinary proceedings for a period of more than six months since the date of his interim suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Although AGC was not required to provide notice to respondent of the instant application, it nonetheless did so by first class mail and email. Nevertheless, to date, respondent has not submitted a response to AGC's application, indicating his lack of interest in his fate as an attorney in this state. Accordingly, we find, under the circumstances, that he should be disbarred (see Matter of Cracolici, 180 AD3d 1315, 1316 [2020]; Matter of Reynolds, 175 AD3d 1765, 1766 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and [*2]shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).